*Ex parte* JOSÉ RAMÓN GONZÁLEZ RAMÍREZ.

No. 1298.        Decided April 7, 1971.

*José Ramón González Ramírez, pro se.*

ORDER

San Juan, Puerto Rico, April 7, 1971

Among other circumstances the following arise from the personal record of attorney José Ramón González Ramírez:

a) On August 8, 1945, said attorney was admitted to the practice of the Notarial profession, after the approval of the corresponding bond furnished by Maryland Casualty Company.

b) On September 27, 1945 "he was appointed to the office of lawyer in the Department of the Treasury."

c) In the active practice of his Notarial profession he authorized public instruments and formed protocols during the years 1945, 1946, 1949, and 1950. He did not authorize any in 1947 and 1948. Since January 1, 1951, until December 28, 1970, no instrument or public deed had been executed before him. He has always sent the weekly indices to the Superior Court, San Juan Part.

d) The protocols of the years 1945, 1946, 1949, and 1950 were revised and approved on November 23, 1960. "They are deposited in the Safe of Mr. Rafael Ramírez Santibañez", this Court not having knowledge of any judicial order authorizing or allowing that deposit of protocols—if there existed legitimate power to decree it—nor how or when was such deposit performed.

e) For more than two years, Notary González Ramírez has been holding and discharging the duties, with permanent character, of the executive position of "Director of the Legal Office of the Department of the Treasury"; he has always kept in force his notarial bond and he keeps sending notarial weekly indices to the San Juan Part of the Superior Court, despite the fact that he does not have the immediate and direct custody and preservation of the protocols belonging to the Commonwealth of Puerto Rico.

f) On July 20, 1970, said Notary substituted his notarial bond furnished by Maryland Casualty Company for another furnished by Puerto Rican-American Insurance Company which was approved on the following August 11, which caused the former to request the cancellation of bond No. 627286 furnished by the same, said petition for cancellation still pending decision.

g) Taking into consideration the foregoing, in the light of the provisions of §§ 4, 24, 28, 33, 34, 35, and 39 of the "Notarial Law of Puerto Rico of 1957", this Court, through its order of the past January 22, requested said Notary to

set forth the reasons why he should not be ordered to cease in the practice of the Notarial profession.

h) On the following February 8, the Notary, in answer to the requirement, filed his reasons in writing, by means of which, in synthesis, he maintained that "Even accepting that said § 35 is applicable to the undersigned there does not exist any incompatibility per se whatsoever between the office he holds [Director of the Legal Office of the Department of the Treasury] and the free practice of the profession of law nor with the practice of the Notarial profession."

In the same writing he stated:

"Notwithstanding the foregoing I want to establish before this Honorable Court that this attorney, having the personal conviction, from a strictly moral point of view that he should not do so, does not practice nor has he ever privately practiced the legal profession and that he has only occasionally practiced the notarial profession for nonprofit purposes and for the benefit of the Department of the Treasury and the Government of the Commonwealth."

On the grounds of the foregoing, this Court concludes that Notary José Ramón González Ramírez does not have an adequate office of his own for the practice of the Notarial profession and for the custody, preservation, and protection of his protocols; that for a period of more than 20 consecutive years he has not privately practiced his legal profession nor has he authorized, as notary, any public instrument whatsoever, devoting his regular professional working hours to the active performance of a permanent public office with pay in the Department of the Treasury; that he has not had under his immediate custody and care the only protocols he made during the years 1945, 1946, 1949, and 1950, exposing to risk the secrecy, preservation, and integrity of such protocols, which cannot be removed from the office of the Notary except by a judicial decree.

In view of the foregoing, this Supreme Court, in the

exercise of its function of supervision and disciplinary correction of the Notarial profession in the Commonwealth of Puerto Rico, watching over the best observation of the statute which regulates it, orders and decrees the following with regard to Notary José Ramón González Ramírez:

1st. That as long as said Notary holds, with a permanent character, the executive position of Director of the Legal Office of the Department of the Treasury, he shall cease completely from practicing the Notarial profession;

2nd. That said Notary must recover immediately the material custody of the aforesaid protocols, and promptly deliver the same, and his books of affidavits, to the Director of Protocol Inspection, and that the latter, after passing on them and finding them in good condition, shall deliver them to the Notarial Archivist of the District of San Juan, who shall return the protocols and books of affidavits to said Notary when he ceases in the discharge of the executive position which he holds now, if he returns to the practice of the Notarial profession, and

3rd. The aforesaid notarial bond No. 627286 furnished by Maryland Casualty Company is cancelled, but the same shall be considered good and valid for three years, as of July 26, 1970, for the acts carried out by the said Notary González Ramírez during the period covered by said bond. Notice of this cancellation to be served upon the Secretary of Justice and upon the Secretary of the Treasury.

It was so agreed by the Court and certified by the Acting Clerk.

(s) José L. Carrasquillo

*Acting Clerk*